UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KRISTIAN MOSTACCI, on behalf of
J.N.M., a Minor,

    Plaintiff,

v.                                   Case No.:  5:23-cv-263-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Kristian Mostacci on behalf of J.N.M. ("Child") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Standard of Review, Procedural History, and the ALJ's Decision**

    **A.**    **Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a

scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Social Security Act provides that an individual under the age of 18 will be considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations, and which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). Child disability claims are assessed under a three-step sequential analysis. 20 C.F.R. § 416.924(a). Under this evaluation process, the ALJ determines: (1) whether the child is engaging in substantial gainful activity; (2) whether the child's physical or mental impairment or combination of impairments are severe; and (3) whether an impairment or impairments meet, medically equal, or functionally equal the listings. *Id.*

A child's limitations meet a listing if the child actually suffers from the limitations in a listing. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004). To medically equal a listing, the child's impairment must be at least of "'equal medical significance to those of a listed impairment.'" *Id.* (citing 20 C.F.R. § 416.926). Even if the ALJ finds a child's impairments are not comparable to a listing, the ALJ may still find that those limitations are "functionally equivalent" to those in a listing. *Id.* To determine whether a limitation is functionally equivalent, an ALJ assesses the degree to which these limitations interfere with a child's normal life activities in these six major domains of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.* (citing 42 U.S.C. § 416.926a(b)(1).

To functionally equal a listing, an impairment must result in "marked" limitations in two of the six domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a), (d). A "marked" limitation is defined as seriously interfering with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). A "marked" limitation also means a limitation that is "'more than moderate'" but "'less than extreme.'" *Id.* An "extreme" limitation means a child's impairment very seriously interferes with his or her ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i). "Extreme" limitation also means a limitation that is "'more than marked'" and is given to the worst limitation. *Id.* In making all these determinations, the ALJ must evaluate the "whole child," meaning considering the child's functioning in all settings compared to other children of the same age who do not have impairments. SSR 09-1p, 2009 WL 396031.

When considering a child's limitations, the ALJ must evaluate any limitation in functioning that results from symptoms, including pain. 20 C.F.R. § 416.924(a). So along with considering the objective evidence, the ALJ must also consider a child's subjective complaints and if they can reasonably be accepted as consistent with the objective and other medical evidence. 20 C.F.R. § 416.929(a). Generally, a claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir.

2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are

the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

### B. Procedural History

Plaintiff applied for supplemental security income benefits on behalf of J.N.M. on January 2, 2020, alleging disability beginning on November 10, 2010. (Tr. 69, 168-70). The application was denied initially and on reconsideration. (Tr. 69, 70). Plaintiff requested a hearing and on April 5, 2022, a hearing was held before Administrative Law Judge ("ALJ") Maria Mandry. (Tr. 34-56). On June 29, 2022, the ALJ entered a decision finding the Child had not been disabled since January 2, 2020, the date the application was filed. (Tr. 15-28).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on February 23, 2023. (Tr. 1-5). Plaintiff began this action by Complaint (Doc. 1) filed on April 24, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 10).

### C.     Summary of ALJ's Decision

In the decision, the ALJ determined that the Child was born in November 2009, was a school-aged child on January 2, 2020 (the application date), and was a school-aged child on the date of the decision. (Tr. 16). The ALJ also determined that the Child had not engaged in substantial gainful activity since January 2, 2020, the application date. (Tr. 16). The ALJ found the Child had the severe impairments of: "learning disorder, speech and language impairment." (Tr. 16). She then determined that the Child did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926). (Tr. 16).

The ALJ also found that the Child did not have any impairment or combination of impairments that functionally equals the severity of the listings. (Tr. 17). In making this finding and after considering all the relevant evidence of record, the ALJ determined that the Child had: a marked limitation in acquiring and using information; no limitation in attending and completing tasks; less than marked limitation in interacting and relating with others; no limitation in moving about and manipulating objects; no limitation in the ability to care for himself; and less than marked limitation in health and physical well-being. (Tr. 21-27). The ALJ concluded that the Child had not been disabled since January 2, 2020, the date the application was filed. (Tr. 28).

## II.    Analysis

On appeal, Plaintiff argues that the ALJ failed to properly evaluate the Child's intellectual disability and learning disorder to determine if the Child met the requirements of Listing 112.05(B). (Doc. 17, p. 5). Plaintiff claims that the Child's "intellectual disability, learning disorder, and speech sound, and language disorders meet" this listing. (Doc. 17, p. 6).

The burden lies with Plaintiff to show that the Child has an impairment that meets or medically equals a listed impairment. *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 741 (11th Cir. 2008). For an impairment to meet a listing, a plaintiff must show that it meets *all* the specified medical criteria. *Bailey v. Soc. Sec. Admin., Comm'r*, 782 F. App'x 838, 840 (11th Cir. 2019) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). If an impairment meets only some criteria, then it will not qualify, no matter the severity of the impairment. *Id.* To meet a listing, a plaintiff must have a diagnosis included in a listing and provide medical reports documenting that the conditions meet the specific criteria of a listing and the duration requirement. *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002)). If a plaintiff satisfies all of the criteria of a listing, then she is considered disabled. *McCormick v. Soc. Sec. Admin., Comm'r*, 619 F. App'x 855, 857 (11th Cir. 2015) (citing 20 C.F.R. § 416.920a)(4)(iii), (d).

Listing 112.05(B) for intellectual disorder for children age 3 to attainment of 18 provides:

> B. Satisfied by 1 and 2 (see 112.00H):
> 1. Significantly subaverage general intellectual functioning evidenced by a or b:
>    a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
>    b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and
> 2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>    a. Understand, remember, or apply information (see 112.00E1); or
>    b. Interact with others (see 112.00E2); or
>    c. Concentrate, persist, or maintain pace (see 112.00E3); or
>    d. Adapt or manage oneself (see 112.00E4).

20 C.F.R. Pt. 404, Subpt. P. App. 1, § 112.05(B).

Plaintiff argues that the Child's impairments met Listing 112.05(B). (Doc. 17, p. 6). It appears uncontested that the Child met the first prong of Listing 112.05(B), by having a full-scale IQ score of 70 or below or a full-scale IQ score of 71-75 accompanied by a verbal or performance IQ score of 70 or below on an individually administered standardized test of general intelligence. 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 112.05(B)(1). On August 18, 2021, Colleen D. Character, Ph.D. conducted a Psychological Evaluation of the Child. (Tr. 308-15). Dr. Character administered the Wechsler Intelligence Scale tests and determined that the Child had a full-scale IQ of 63 and a verbal comprehension index of 59. (Tr. 309).

These scores meet the first prong of Listing 112.05(B). In addition, to meeting this prong, the Child's impairments must also meet the second prong of the listing.

To meet the second prong, Plaintiff must establish that the Child has deficits in adaptive functioning such that he had an extreme limitation in functioning in one area or marked limitations in functioning in two areas. 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 112.05(B)(2). The areas are: (1) understanding, remembering or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.*

In the decision, the ALJ determined that the Child had marked limitation in acquiring and using information, citing the State agency medical and psychological consultants opinions. (Tr. 22). Both State agency consultants found the Child had marked limitation in this domain. (Tr. 64, 74). Both reached their determinations after reviewing the medical and other evidence of record. (Tr. 64, 74). The ALJ further found:

> For example, according to the August 2021, consultative examination report, the claimant achieved a Full Scale IQ score of 63 on the WISC-IV; his scores were in the mild mental retardation range of intellectual functioning. His verbal comprehension was 59 which was considered mildly delayed. In regards to his achievement it was found that reading level was comparable to age 7.5 and Math level comparable to age 7.9. His working memory index was at the mildly delayed range and his processing speed index was in the low average range. (Exhibit 7F). At the hearing the claimant's mother testified that the claimant is currently on an IEP in school for learning (Testimony). While the record evinces a problem in this domain of function, I note that the claimant's limitation was not extreme. For example, the 2021 report cards show that

> while the claimant had some difficulties earning a few C's and Ds and one B. However, the claimant continued to attend regular classes (Exhibit 8E). Evidence shows that the claimant had moderate delays in receptive language but the record shows that he had 100 percent intelligibility (Exhibit 8F).
>
> While the record evinces a problem in this domain of function, I note that the claimant's limitation was not extreme. Notably, the claimant has not had to repeat a grade. The claimant is not currently receiving special education classes. I find that this evidence is consistent with marked limitation in acquiring and using information.

(Tr. 22).

Plaintiff challenges that finding and contends that the Child has an extreme limitation in this functional equivalence domain. (Doc. 17, p. 7). As stated above, an "extreme" limitation means a child's impairment very seriously interferes with his ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i). "Extreme" limitation also means a limitation that is "'more than marked'" and is given to the worst limitation. *Id.* Plaintiff fails to meet her burden of showing that the Child's limitations met Listing 12.05(B).

In support, Plaintiff cites a June 30, 2020 language evaluation, which found the Child , who was 10 years and 7 months old at the time, had speech and learning delays such that his scores reflected an age equivalency of 6 years 8 months to 7 years 10 months. (Doc. 17, p. 8, (citing Tr. 300-306)). Plaintiff also cites her testimony that the Child struggles with expressive language, not many people can understand him, and he needs a lot of redirection. (Doc. 17, p. 10-11). Plaintiff

contends that the evidence of record supports a finding of an extreme limitation in the Child's speech sound disorder. (Tr. 17, p. 11).

In the decision, the ALJ discussed the June 30, 2020 consultative examination for speech and language. (Tr. 20). The ALJ noted that the examiner found the Child had moderate delays in receptive language and mild delays in expressive language. (Tr. 20, 303). But the ALJ also noted, that the Child scored 100% in intelligibility. (Tr. 20, 305).

The ALJ discussed an August 18, 2021 psychological consultative examination that found Plaintiff's IQ score of 63, which showed mild mental retardation and his verbal score of 59 which showed mildly delayed. (Tr. 20, 309). The ALJ relied on the State agency consultative examiners that found Plaintiff had no more than marked limitations in any of the domain areas. (Tr. 20). The ALJ acknowledged that Plaintiff alleged that the Child had disabling symptoms, but the ALJ found no evidence from Teacher Questionnaires, or supporting medical evidence to support this claim. (Tr. 21). The ALJ also noted that the Child attended regular classes at school, received grades ranging from B's to D's, and Plaintiff testified that the Child had not repeated any grades. (Tr. 21, 42). The ALJ provided substantial evidence to support the decision,

Plaintiff also argues that despite ample evidence that the Child's intellectual disability met Listing 112.05(B)'s requirements, the ALJ failed to discuss or

evaluate whether Plaintiff met or functionally equaled Listing 112.05(B) for intellectual disorders in children at step three of the sequential evaluation. (Doc. 17, p. 6). Even when an ALJ does not explicitly find that a claimant's impairments were contained in a listing, such a determination may be implicit in the decision. *Bailey v. Soc. Sec. Admin., Comm'r,* 782 F. App'x 838, 841 (11th Cir. 2019) (citing *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986)). While the Listings must be considered, the ALJ is not required to "'mechanically recite the evidence leading to her determination.'" *Id.* at 841-42 (citing *Hutchison*, 787 F.2d at 1463.

 Here, the ALJ found that the Child had the severe impairments of learning disorder, and speech and language impairment, but found that the Child's impairments singly or in combination did not meet or medically equal a listing. (Tr. 16). The ALJ specifically discussed Listings 111.09 and 112.02, but not 112.05(B). (Tr. 16-17). The ALJ also found that the Child's impairments singly or in combination did not functionally equal the severity of a listing. (Tr. 17). Even though the ALJ did not explicitly state that she considered Listing 112.05(B), as found above, the ALJ implicitly considered the requirements of the listing in the decision, and substantial evidence supports that the Child's impairments do not meet, medically equal, or functionally equal the requirements of Listing 112.05(B).

 In effect, Plaintiff invites the Court to reweigh the evidence, which it cannot do. A court may not decide the facts anew, reweigh the evidence, or substitute its

judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Here, substantial evidence supports the ALJ's decision.

### III.  Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 26, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties